**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 5:16-CR-63-KKC-CJS-1** |
| **Plaintiff,** | |
| | |
| **v.** | **OPINION & ORDER** |
| | |
| **ANTOINE LAMAR BURNS,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Antoine Lamar Burns' motion to vacate his sentence (R. 70, 73) under 28 U.S.C. § 2255 and the magistrate judge's recommendation that the motion be denied (R. 76). Also before the Court is Burns' motion to reduce his sentence (R. 69) under 18 U.S.C. § 3582(c)(2).

Burns pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (R. 53.) The Court sentenced Burns to a total prison term of 120 months. (R. 53.) Burns appealed his sentence, and the Sixth Circuit affirmed Burns' judgment. (R. 54, 64.)

According to the Bureau of Prisons' website, Burns is scheduled for release on April 21, 2028. He is currently housed at FCI McDowell.

## I. 2255 Motion

The magistrate judge has entered a recommendation that the defendant's 2255 petition be denied. Burns has not filed any objections to the recommendation. Further, the Court has reviewed the recommendation and agrees with its analysis. Accordingly, the Court will adopt the report and recommendation as the Court's opinion.

II. 3582 Motion

Burns also requests a reduction in his term of imprisonment "based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u)." (R. 69.) Burns makes his request based on "the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable." (*Id.*)

18 U.S.C. § 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." The applicable policy statements issued by the Sentencing Commission are contained in U.S.S.G. § 1B1.10.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)." *United States v. Brooks*, 891 F.3d 432, 436 (2018) (addressing denial to reduce a sentence pursuant to Amendment 782). In deciding whether to reduce a sentence, a court may consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. *Id.* at 437. If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence. *Id.*

While Burns does not cite a specific amendment for the Court to consider, his reference to U.S.S.G. § 1B1.10 indicates he requests a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(d).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. *Id.* Among other changes, Amendment 821 modified the calculation of criminal history points under U.S.S.G. § 4A1.1(d) for certain defendants who committed the offense of conviction while under a criminal justice sentence ("status points"). It also provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified exclusions. One such exclusion applies if the defendant possessed a firearm in connection with the offense. U.S.S.G. § 4C1.1(a)(7).

Burns is not eligible for a sentence reduction pursuant to Amendment 821. Burns had four criminal history points from prior convictions and did not receive status points under U.S.S.G. § 4A1.1(d). (*See* R. 56 at 6-10.) Moreover, even if he did not have criminal history points, Burns would not be eligible for a reduced sentence under the adjustment for defendants with zero criminal history points because he possessed a firearm in connection with his offense.

Moreover, even if the Court could make a finding that a reduction of Burns' sentence is consistent with applicable policy statement issued by the Sentencing Commission, it must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(2). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

    (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court considered these factors thoroughly and extensively at Burns' sentencing and again for this motion. Burns was convicted of being a felon in possession of a firearm. This is a serious crime. The crime for which he is currently incarcerated followed an extensive criminal history that included convictions for disorderly conduct, drug trafficking, criminal trespassing, criminal mischief, driving under the influence, bail jumping, fleeing or evading police, and violation of a Kentucky Domestic Violence Order, among many other convictions. (*See* R. 56 at 6-10.) While the Court commends Burns for his accomplishments while in prison, the Court cannot find that a reduction to Burns' sentence is appropriate in consideration of the § 3553(a).

Accordingly, the Court will deny Burns' motion to reduce his sentence.

### III. Order

For all these reasons, the Court hereby ORDERS as follows:

1) Burns' motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (R. 69) is DENIED;

2) the Report and Recommendation (R. 76) is ADOPTED as the Court's opinion;

3) Burns' motion to vacate under 28 U.S.C. § 2255 (R. 70) is DENIED;

4

4) a certificate of appealability will not be issued, Burns having failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); and

5) a judgment consistent with this order and the Report and Recommendation will be entered.

This 2nd day of April, 2026.

Signed By:

**Karen K. Caldwell**

**United States District Judge**